## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| **COLISHA BOYD,** | |
| **Plaintiff,** | |
| **v.** | **No. 2:16–cv–02682** |
| **NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE PROPERTY and CASUALTY COMPANY, and CORPORATIONS A, B, C, and D,** | **JURY DEMANDED** |
| **Defendants.** | |

## JOINT MOTION TO ADMINISTRATIVELY CLOSE CASE

Come now the parties, by and through their respective undersigned counsel, and jointly move this Court to administratively close this case, including a stay of all scheduling order deadlines, pretrial deadlines, and cancellation of the trial date.

This case arises out of a fire loss that occurred at Plaintiff's residence located in Memphis, Shelby County, Tennessee during the early morning hours on January 24, 2015. At that time, Plaintiff's real and personal property were insured by Defendant Nationwide General Insurance Company. On June 16, 2016, Plaintiff filed suit against Defendant in the Circuit Court of Shelby County, Tennessee alleging breach of contract, violation of the bad faith statute, and violation of the Tennessee Consumer Protection Act. (D.E. #1-2). Defendant filed a notice of removal on August 23, 2016 based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332. (D.E. #1). Shortly thereafter, on November 22, 2016, Plaintiff filed an Amended Complaint in which she withdrew her statutory bad faith and TCPA claims, leaving only her breach of contract

claim against Defendant.  (D.E. #20).  On December 29, 2016, Defendant filed its Answer to the Amended Complaint in which it denied any breach of contract.  (D.E. #21).

The Court set this matter for jury trial beginning on August 14, 2017, with the pretrial conference set on August 4, 2017 at 9:30 a.m.  (D.E. #14).  Subsequently, the parties reached a settlement agreement which would completely resolve all issues in this matter.  At this time, however, Plaintiff is currently in bankruptcy.  As such, the settlement of this matter has not been finalized.  In light of these developments, counsel for the parties agree that it is in the parties' best interests to seek administrative closure of the case at this time.  Since there is no need for further litigation in this matter, the parties agree that administrative closure of this case at this time is the best option and would ensure that no further litigation expenses or judicial resources are unnecessarily expended on this matter.

Administrative closure is a remedy that will allow this case to be removed from the Court's docket short of dismissal.  Should the parties ultimately be unsuccessful in their endeavor to finalize their settlement agreement, or should either party otherwise wish to withdraw their consent to administrative closure, either party may file a motion to place the case back on the Court's docket for implementation of a new case management order and rescheduling the trial date.

Based upon the foregoing, the parties respectfully request that the Court grant this joint motion to administratively close this case, including a stay of all scheduling order deadlines, pretrial deadlines, and cancellation of the trial date.

Respectfully submitted,

DOWDEN, WORLEY & JEWELL, PLLC


By: _____s/J. Kevin Cavender_____
    J. KEVIN CAVENDER (BPR No. 26913)
    *Attorney for Plaintiff Colisha Boyd*
    6750 Poplar Avenue, Suite 200
    Memphis, Tennessee 38138-7414
    (901) 755-8075—telephone
    (901) 755-2630—facsimile
    jkcavender@dwjlawfirm.com


RAINEY, KIZER, REVIERE & BELL, P.L.C.


By: _____s/Russell E. Reviere_____
    RUSSELL E. REVIERE (BPR No. 7166)
    BRANDON W. REEDY (BPR No. 30314)
    *Attorneys for Defendant*
    *Nationwide General Insurance Company*
    209 East Main Street
    P.O. Box 1147
    Jackson, Tennessee 38302-1147
    (731) 423-2414—telephone
    (731) 426-8150—facsimile
    rreviere@raineykizer.com
    breedy@raineykizer.com